**State Savings Bank**
**v.**
**Oak Tree Homes**
*[Cite as 2 AOA 217]*

*Case No. 89-CA-33*
*Delaware County, (5th)*
*Decided May 11, 1990*

*R.C. 5301.25.2*

*Anthony M. Heald, Heald & Long, 125 North Sandusky, Street Delaware, Ohio 43015, For Plaintiff-Appellee.*

*Richard D. Rogovin, Tod H. Friedman, Bricker & Eckler, 100 S. Third Street, Columbus, Ohio 43215, For Defendants-Appellants.*

GWIN, J.

On June 29, 1987, Thomas and Carol Luft (sellers) entered into a real estate purchase agreement with Oak Tree Homes, Inc. (purchasers). This agreement involved the purchase, from sellers, of property which was immediately adjacent to the property where sellers resided. In an attempt to prevent water drainage problems on the property where sellers resided and to insure purchasers would build a house in conformity with the neighborhood, sellers placed the following restrictions in the purchase agreement (T.I, 9):

This contract contingent upon the following:

A. Purchaser agrees to build a home for resale and not to land speculate.

B. Sellers approval of the dwelling plans with the builders.

C. Sellers approval of the site plan of home on lot.

D. Sellers approval of drainage plans.

These restrictions were not recorded in the deed to purchaser, nor did the purchase agreement require that said restrictions be inserted into the deed of conveyance. However, following the conveyance of said property to purchasers, sellers became aware that purchasers were unable to perform the above contract.

In response, sellers recorded an affidavit pursuant to R.C. 5301.252 at volume 499, p. 383, Deed Records of Delaware County, Ohio. In other words, sellers were attempting to protect their interests by recording the restrictions, thereby giving future purchasers notice of the same. Said property was ultimately foreclosed and sold at a public sale to John and Marilyn Miller.

State Savings Bank originally commenced a foreclosure action against purchaser (Oak Tree). Sellers were also named as party-defendants because of the filing of the affidavit and sellers counterclaimed for the purpose of establishing the validity of said restrictions. Following the Millers' intervention, the trial court, through summary judgment, held that said restrictions in the purchase agreement were merely contractual recitations between sellers and purchasers and did not create encumbrances on the property's title that would run with the land and the affidavit filed by sellers was of no effect. Sellers now seek our review and assign the following as error:

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN FINDING THAT THE COVENANTS PLACED ON THE RECORD AT VOLUME 499, PAGE 383 WITH THE DEED OF RECORDS OF DELAWARE COUNTY, OHIO DO NOT RUN WITH THE LAND AND ARE NOT BINDING ON SUBSEQUENT PURCHASES.

I

We overrule sellers' sole assignment of error for the following reasons.

We agree with the trial court that reasonable minds could only conclude upon viewing all the evidence in a light most favorable to sellers that the restrictive covenants were intended to be contractual recitations binding only between sellers and purchasers. In other words, no evidence was presented which would counteract the plain language used in the contract between sellers and purchasers.

Additionally, the filing of the affidavit pursuant to R.C. 5301.252 does not cause the contractual restrictive covenants to run with the land. That section provides, in pertinent part:

"(A) An affidavit stating facts relating to matters set forth under Division (B) of this section that may affect the title to real estate in this state, made by any person having knowledge of the facts or competent to testify concerning them in open court, may be recorded in the office f the County Recorder in the County in which the real estate is situated. When so recorded, such Affidavit, or a certified copy thereof shall evidence the facts therein state, insofar as such facts affect title to the real estate.

"(B) The Affidavits provided for under this section may relate to the following matters...

"(3) The happening of any condition or event that may create or terminate an estate or interest,..."

The plain language of the above statute clearly does not cause contractual restrictive covenants, which are purely binding between seller and purchaser, to run with the land by the mere filing of an affidavit pursuant to that section.

Accordingly, we affirm the judgment of the Delaware County

*Judgment affirmed.*

HOFFMAN, P.J. and SMART, J. Concur.